UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 09-767-C**

**ROYAL & SUN ALLIANCE**
**INSURANCE, PLC,**                                                                                           **PLAINTIFF,**

**V.**             <u>**MEMORANDUM OPINION AND ORDER**</u>

**MERCURY LOGISTICS, INC.,**                                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of Royal & Sun Alliance Insurance, PLC, for reconsideration (R. 90); the motion of Mercury Logistics, Inc., for reconsideration (R. 92); and the renewed motion of Priority Air Express, LLC, for summary judgment (R. 94). The court will deny both motions for reconsideration because they are grounded in arguments that either have already been made before this court or could have been made based on existing law, rather than on a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. The court will deny the motion for summary judgment once again as premature.

**I. Royal & Sun's Motion for Reconsideration**

Royal & Sun has moved the court to reconsider its Memorandum Opinion and Order of August 31, 2011, and, while maintaining the result, to add the following additional grounds: 1) that Priority offered insurance in the tariff, not a higher liability limit; and 2) that Himilaya clauses are strictly required in the Sixth Circuit. The court evaluates a motion to reconsider under Fed. R. Civ. P. 59(e), and such

motions may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The court will deny Royal & Sun's motion because it presents no such justification for reconsideration.

 First, in this case, whether Priority offered insurance in the tariff as opposed to a higher liability limit is a distinction without a difference. The function of this aspect of the *Hughes* test is merely to provide notice to the shipper of multiple available levels of liability; in other words, "a carrier will comply with the fair opportunity to choose requirement if its notice to the shipper sets out the levels of coverage from which the shipper can choose and includes a clear statement that by opting for a lower shipping rate the carrier's liability for loss will be limited." *Toledo Ticket Co. v. Roadway Exp., Inc.*, 133 F.3d 439 (6th Cir. 1998). The cases and treatise Royal & Sun cites in support of its assertion that an offer of insurance has different consequences from an offer to accept a higher liability are neither relevant nor binding on this court, and a motion to reconsider is not properly grounded on non-binding law that Royal & Sun had the opportunity to argue in its original briefs.

 Second, the court will not reconsider its ruling regarding the necessity of a Himalaya clause because Royal & Sun is merely rearguing the points it has already made on this issue. The ruling in *Fortis Corporate Ins. Co. v. Viken Ship Management AS*, 597 F.3d 784 (6th Cir. 2010), while relevant, is distinguishable

2

from this case in that the issues in *Fortis* were governed by a federal statute with its own definition of the word "carrier," whereas here the case is decided under federal common law, and it is not the definition of the word "carrier" that is in dispute, but the ambiguity as to whether Johnson & Johnson and Priority intended the tariff to apply to Priority only or to any downstream carriers. Furthermore, the court is not proposing to "automatically extend contract protections to subcontractors who perform carrier duties without an express Himalaya Clause," R. 90 at 4; rather, the court has ruled that genuine issues of fact exist as to whether, in this specific case, Mercury is an intended third-party beneficiary of the tariff's limited-liability provision.

### II. Mercury's Motion for Reconsideration

Mercury asks the court to reconsider its ruling that genuine issues of fact exist as to whether Mercury is an intended third-party beneficiary of the tariff's limited-liability provision. Mercury, like Royal & Sun, has not provided a valid ground for the court to reconsider its opinion. While Mercury bases its arguments for reconsideration on the assertion that the court committed an error of law and on public policy, it merely reiterates its prior arguments, and the court will therefore deny the motion.

First, Mercury argues that the court erred in determining that the use of the word "carrier" as used in the tariff is ambiguous, and that because of the widely understood meaning of the term in the industry, "the only reasonable interpretation is that it refers to *any* carrier that is involved in the chain of transportation." R. 92-

3

1 at 5 (emphasis in original). This argument mischaracterizes the court's ruling. The court ruled that whether Mercury is an intended third-party beneficiary of the tariff's limited-liability provision is a genuine issue of fact, not because of any inherent ambiguity in the word "carrier," but because contested evidence exists as to the intent of the parties. The ambiguity surrounding the intent of the parties as to whether the limited-liability provision applied to downstream carriers is the subject of the dispute, not the inherent meaning of the word "carrier." Mercury presents no new evidence on this dispute, but merely rehashes its prior argument that common industry usage should be enough to decide the issue.

Second, Mercury's public policy argument, that the court's ruling could "effectively upset the custom and practices of the industry," R 92-1 at 7, fails as justification for the court to reconsider its order. There would be no manifest injustice, *see GenCorp*, 178 F.3d at 834, should this court's order cause the industry to examine or change its practices regarding the wording of its agreements.

Finally, Mercury's argument regarding the waiver of subrogation clause refers to documents outside the record and is irrelevant to the discrete issues of this case.

**III. Priority's Renewed Motion for Summary Judgment**

The court will again deny Priority's motion as premature. Mercury has stated that any discovery taken thus far has been strictly on the issue of limitation of liability, and that it still intends to take discovery on the issues of negligence and

indemnity.  The court has not yet set deadlines for discovery on these issues because of the various motions for reconsideration, and Priority's assertion that the evidence gathered thus far tilts in its favor does not preclude Mercury from attempting to find more evidence to support its own position.  If Mercury declines to take additional discovery, Priority may once again renew its motion for summary judgment on the pleadings already filed.  If Mercury does take additional discovery, Priority may once again renew its motion at the close of discovery if Priority believes that the additional discovery fails to yield a genuine issue of material fact on the issues of negligence or indemnification.

        Accordingly, the court **ORDERS** as follows:

(1)  Royal & Sun's motion for reconsideration (R. 90) is **DENIED**;

(2)  Mercury's motion for reconsideration (R. 92) is **DENIED**;

(3)  Priority's renewed motion for summary judgment (R. 94) is **DENIED**; and

(4)  The parties shall submit a revised joint proposed scheduling order for the remainder of this action within fourteen days of the date of this order.

Signed on January 13, 2012

*Jennifer B. Coffman*

Jennifer B. Coffman, Judge
United States District Court